JORGENSON, Judge.
Outboard Marine Domestic International Sales Corp. (Outboard) appeals from an order of final summary judgment entered in favor of Dade County. We affirm.
Dade County owns Dodge Island on which the Port of Miami is located. The county leases operating and warehouse space to stevedoring companies and dock space and terminals to shipping lines. The record shows that the county never handles private property and does not assume the care, custody, or control of cargo within the port.
In February, 1979, Outboard stored a trailer containing forty-six cartons of outboard engines on the leased premises of stevedore Eller & Company at the Port of Miami. Because its storage facilities were overcrowded, Eller & Company parked the trailer along a roadside within the port. The trailer was stolen by persons unknown. Outboard sued various parties, including Dade County, and alleged in its complaint that Dade County, through its gate guard, was negligent in failing to verify the signature on the cargo clearance form presented by the thief.
The county moved for summary judgment on the grounds that it had no statutory or common law duty to confirm the signature on the clearance form and that sovereign immunity, therefore, barred the claim for damages. The trial court granted the county’s motion; we affirm. “[F]or there to be governmental tort liability, there must be either an underlying common law or statutory duty of care with respect to the alleged negligent conduct.” Trianon Park Condominium Ass’n v. City of Hialeah, 468 So.2d 912 (Fla.1985) (city had no general common law or statutory duty to enforce compliance with building code; action against city by condominium association for negligent inspection of their building thus barred by sovereign immunity).
Outboard failed to establish the existence of any duty for the county to verify a signature on a cargo clearance form. Moreover, the record shows that the gate guard was not a security guard and that Dade County had no duty to provide security to the stevedoring companies that leased space at the Port of Miami. Because no duty existed, no action lies against the county.[1]
Affirmed.

. We reject Outboard's argument that the trial court erred in denying its motion for summary *1237 judgment based on admiralty law and federal preemption. Maritime locality alone does not trigger maritime tort jurisdiction. Kelly v. Smith, 485 F.2d 520 (5th Cir.1973), cert. denied sub nom. Chicot Land Co. v. Kelly, 416 U.S. 969, 94 S.Ct. 1991, 40 L.Ed.2d 558 (1974).